UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHANA D.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C22-5875-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of her applications for Disability Insurance Benefits and Widow's Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by failing to account for all limitations indicated in State agency opinions found persuasive, and failing to account for any limitations caused by Plaintiff's migraines. (Dkt. # 9 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II. BACKGROUND

Plaintiff was born in 1969, has a high school diploma and training as a certified nursing assistant, and has worked as a certified nursing assistant and hospital technician and supply clerk. AR at 345. Plaintiff was last gainfully employed in 2014. *Id*.

ORDER - 1

In March 2020, Plaintiff applied for benefits, alleging disability as of February 21, 2014. AR at 285-99. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 165-70, 175-80, 187-90. After the ALJ conducted a hearing in October 2021 (*id.* at 49-76), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 16-42.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 4-9. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

*Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV. DISCUSSION

**A.    The ALJ Did Not Err in Interpreting the State Agency Opinions**

The State agency psychological consultants opined that Plaintiff is "[a]ble to carry out task related communications with coworkers and supervisors. Claimant would require work which does not involve extensive contact with the public or collaboration with coworkers. Incidental contact with either group is not precluded."[1] AR at 100, 114, 132, 152. The ALJ found the State agency opinions to be persuasive and stated that he accounted for those opinions by limiting Plaintiff to "no more than occasional contact with co-workers and the general public; and the claimant would need to avoid a work environment that requires collaboration with other co-workers." *Id*. at 39-40.

Plaintiff contends that the ALJ's social restrictions do not fully account for the State agency opinions and the ALJ thereby erred in assessing Plaintiff's residual functional capacity ("RFC"). (Dkt. # 9 at 5-7.) According to Plaintiff, the ALJ erred by failing to explicitly reference a restriction to "task-related" communications, and Plaintiff argues that the "occasional"

---

[1] As Plaintiff notes (dkt. # 9 at 7-8), a State agency opinion rendered in connection with a prior benefits application includes a nearly identical narrative description of Plaintiff's social limitations, although the consultant there described Plaintiff as markedly limited in her ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes, whereas the consultants who reviewed Plaintiff's record in connection with the current application found her to be only moderately limited in that area. *Compare* AR at 87 *with id*. at 100, 114, 132, 152. Plaintiff contends that because the opinion from the prior file was included in the record for this application, the ALJ erred in failing to assess it. (Dkt. # 9 at 7-8.)

The Court agrees with the Commissioner (dkt. # 13 at 6 n.1) that any error is harmless because, as discussed *infra*, the ALJ accounted for all of the concrete restrictions referenced in the current and prior State agency opinions by limiting Plaintiff to occasional, non-collaborative contact with co-workers and the public. Plaintiff did not file a reply brief or otherwise address the harmfulness of the ALJ's failure to address a nearly identical opinion from the prior application, which was denied in an administratively final decision upon initial review. *See* AR at 90, 339.

interaction mentioned in the ALJ's RFC assessment describes more contact than the "incidental" contact mentioned in the State agency opinions. (*Id.*)

The ALJ bears the responsibility of "translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). An RFC finding need not directly correspond to a specific medical opinion. *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012). The ALJ may incorporate the opinions of a physician by assessing RFC limitations entirely consistent with, but not identical to, limitations assessed by the physician. *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010).

In this case, the parties agree that the ALJ's RFC assessment is not *identical to* the State agency opinions, but in order to resolve Plaintiff's challenge, the Court must determine whether the RFC assessment is *consistent with* the State agency opinions, specifically as to Plaintiff's restriction to "task-related" communication restriction and the prohibition on extensive public contact.

As to the "task-related" communication restriction, the Court agrees with the Commissioner that the ALJ's RFC assessment is consistent with that part of the opinions because, particularly in the context of the unskilled jobs that Plaintiff was found to be capable of performing, "[r]equired communications between an employee and their supervisor and coworkers are by nature task-related, as such communications are made in the context of the work environment and are what allows the job to get done." (Dkt. # 13 at 6.) At the outset, the Court notes that an RFC assessment defines a claimant's abilities *in the workplace*, not in social or other non-work settings. *See* 20 C.F.R. §§ 404.1545, 416.945 (defining RFC to mean the capacity for "*work* activity on a regular and continuing basis" (emphasis added)). Moreover,

ORDER - 4

unskilled jobs (a category which includes the step-five jobs here (AR at 42)) require only "basic communication." *See* Social Security Ruling ("SSR") 96-9p, 1996 WL 374185, at *8 (Jul. 2, 1996) ("Basic communication is all that is needed to do unskilled work. The ability to hear and understand simple oral instructions or to communicate simple information is sufficient."). Plaintiff has not cited any authority suggesting that the step-five jobs (merchandise marker, housekeeping cleaner, and laundry worker) *require* communication with co-workers or supervisors that is unrelated to the work at hand, such that the ALJ's failure to explicitly include that limitation was prejudicial. *See, e.g.*, *Trammel v. Berryhill*, 2018 WL 1411022, at *2 (E.D. Okla. Mar. 21, 2018) (where an ALJ found a claimant capable of *inter alia* relating to co-workers and supervisors for "work-related purposes," the vocational expert testified that such an RFC was consistent with the performance of jobs including hospital cleaner, marking clerk, and hotel housekeeper). For all of these reasons, Plaintiff has not shown harmful legal error in the ALJ's failure to explicitly limit her to "task-related" communications with her co-workers and supervisors.

　　　The Court now turns to consider whether the ALJ's RFC assessment is consistent with the State agency consultants' opinions that Plaintiff could not have "extensive" contact with the public or collaborate with coworkers, without precluding "incidental" contact with either group. The ALJ limited Plaintiff to occasional contact with co-workers and the public, with no co-worker collaboration. AR at 22. The ALJ thereby directly accounted for the prohibition on co-worker collaboration, and translated the prohibition on "not extensive" public contact into a limitation to "occasional" public contact. Although Plaintiff argues that the "occasional" contact permitted by the ALJ's RFC assessment exceeds her social abilities as described by the State agency consultants, Plaintiff cites no authority compelling that conclusion and the Court is not

ORDER - 5

aware of any. "Extensive" means wide, comprehensive, thorough, and far-reaching. *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 805 (2002). An RFC assessment that permits public contact on an occasional basis (up to one-third of a workday) is consistent with the State agency opinions limiting Plaintiff to public contact that is not extensive. Notably, the State agency consultants did not limit Plaintiff to *only* "incidental" interaction; they simply noted that incidental interaction was not precluded. *See* AR at 100, 114, 132, 152.

Although they are not entirely identical, because the ALJ's social restrictions are reasonably consistent with the State agency opinions, Plaintiff has not shown that the ALJ erred in failing to fully account for the State agency opinions he found persuasive.

### B. The ALJ Did Not Err in Assessing Plaintiff's Migraine-Related Limitations

At step two, the ALJ found Plaintiff's recurring migraines to be a severe impairment. AR at 19. The ALJ was therefore obligated to consider the limitations caused by this impairment when assessing Plaintiff's RFC. *See* SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996).

The ALJ discussed Plaintiff's alleged limitations stemming from her migraines later in the decision and explained how he accounted for the limitations that he found to be supported by the record. AR at 34. Specifically, the ALJ found that Plaintiff's recurring migraines (along with other impairments) limited her to less than the full range of light work with additional postural and environmental restrictions. *Id*. The ALJ went on to find that although Plaintiff testified at the hearing that her migraines were frequent and debilitating, the record suggested that her migraines were less severe. *Id*. at 36. The ALJ noted that the record did not support Plaintiff's description of headaches that significantly impact her activities of daily living or functioning level. *Id*. at 36-37.

Plaintiff alleges that the ALJ "provided no explanation as to how the RFC addressed [Plaintiff's] recurring migraine impairment." (Dkt. # 9 at 10.) This argument is factually inaccurate because, as described *supra*, the ALJ did explain how he accounted for Plaintiff's migraines in the RFC assessment and also explained (in unchallenged findings addressing Plaintiff's testimony) why he found her migraines to be less limiting than she alleged. *See* AR at 34, 36-37.

Plaintiff highlights the similarity between the ALJ's RFC assessment and the State agency medical consultants' opinion, suggesting that the ALJ erred in failing to include additional limitations caused by Plaintiff's migraines. (Dkt. # 9 at 11-12.) But Plaintiff has failed to identify evidence that the ALJ overlooked that would support the existence of additional limitations. Plaintiff's opening brief speculates that she would miss work or be off-task at work whenever she had a migraine (*id*. at 14), but she points to no evidence in the record that would support such a finding other than her testimony, which the ALJ discounted for unchallenged reasons.

Accordingly, Plaintiff has failed to meet her burden to show that the ALJ erred in assessing the limitations caused by her recurring migraines.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

Dated this 24th day of May, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge